UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID A. CROSBY,

    Plaintiff,

v.

DOUG COLLINS, Secretary, U.S. Department of Veterans Affairs,[1]

    Defendant.

Case No. 24-CV-730-JPS

**ORDER**

  Plaintiff David A. Crosby ("Plaintiff") originally filed this case in the District of Utah. *See* ECF No. 1. On the parties' joint motion, the case was transferred to this District and assigned to Magistrate Judge Nancy Joseph. ECF Nos. 12, 13. The Clerk of Court subsequently informed counsel for Plaintiff, David Holdsworth ("Attorney Holdsworth"), that he needed to seek admission to practice in this District. ECF No. 16. Attorney Holdsworth never did so.

  In July 2025, Defendant Doug Collins ("Defendant") moved to dismiss the case under Federal Rule of Civil Procedure 41(b) and Civil Local Rule 41(c) due to Plaintiff's failure to prosecute. ECF No. 18. Defendant served the motion on Attorney Holdsworth at his address listed on the docket. ECF No. 19.

  Even after Magistrate Judge Joseph extended Plaintiff's time to respond to the motion to dismiss, Sept. 5, 2025 text order, Attorney

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Doug Collins is substituted as Defendant in this suit.

Holdsworth never filed a response to Defendant's motion, nor did Plaintiff himself file anything on the docket to indicate that he intended to pursue this case. Accordingly, Magistrate Judge Joseph issued a report and recommendation ("R&R") recommending that the case be dismissed for failure to prosecute. ECF No. 20. The R&R advised the parties that they had fourteen days to object thereto. *Id.* at 2.

To date, no party has objected to the R&R. Plaintiff and Attorney Holdsworth presumably knew about the pending motion to dismiss because it was mailed to Attorney Holdsworth. *See* FED. R. CIV. P. 5(b)(C) (noting that "mailing [a submission] to the person's last known address" is proper service and that "service is complete upon mailing"). Attorney Holdsworth also presumably knew that this case was transferred to the Eastern District of Wisconsin because he joined the motion to transfer. ECF No. 12.

The Court agrees with Magistrate Judge Joseph that Plaintiff's and Attorney Holdsworth's ongoing inaction in this case warrants dismissal for failure to prosecute. FED. R. CIV. P. 41(b); CIV. L.R. 41(c) (authorizing dismissal of claims when "it appears to the Court that the Plaintiff is not diligently prosecuting the action"). The Court, therefore, will adopt Magistrate Judge Joseph's report and recommendation and dismiss this action. The dismissal will operate without prejudice. CIV. L.R. 41(c) (noting that a dismissal for lack of diligence may be either "with or without prejudice").

Accordingly,

**IT IS ORDERED** that Magistrate Judge Nancy Joseph's report and recommendation, ECF No. 20, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Defendant Doug Collins's motion to dismiss, ECF No. 18, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of October, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge